DE LA PILA ET AL., PETITIONERS, *v.* SIACA, RESPONDENT.

PETITION for a Writ of Mandamus to the Executive Secretary of Porto Rico Commanding the Registration of the Corporation *Casa del Médico, Inc.*

No. 163.—Decided July 17, 1917.

MANDAMUS—ORIGINAL JURISDICTION—APPELLATE COURT—CORPORATION—REGISTRATION.—The mere fact that the Supreme Court is about to go into its regular vacation period and that an appeal could not be heard until the new term, is not a sufficient reason for presenting to it in original jurisdiction a petition for a writ of mandamus to order the Executive Secretary of Porto Rico to register certain articles of incorporation. Ordinarily, the proceeding should be begun in a trial court and the issues crystalized there, so that the Supreme Court may have the full benefit of its real function as an appellate court, and in this case no reason has been given for varying the rule.

The facts are stated in the opinion.

*Mr. José A. Poventud* for the petitioners.

MR. JUSTICE WOLF delivered the opinion of the court.

The petitioners, all physicians, presented to the respondent an application for a certificate of incorporation which he refused. The petitioners have made an application to this court for a writ of mandamus and in compliance with section 69 of our rules have expressed their reasons for making an application to this court in the first instance. After having set forth that the defendant is one of the principal officers of the Government, and of the importance to petitioners of being promptly incorporated in order to carry out the purposes of their proposed charter, they say that this court is about to go into a vacation term and that an appeal from a district court could not be heard before November. We have sufficient confidence in the ability of counsel for petitioners to believe that he would know, for instance, how to protect the proposed incorporators in their desire to acquire land for their purposes. Otherwise there is nothing in the reasons for applying to this court that would not be equally true of any other similar proposed organization. The District Court of San Juan, where the proposed respondent lives,

is available for this purpose. If the legal question involved is important it is not one that this court would care to settle in the ten remaining days of the session, supposing a hearing did not take up part of the time. The case should be brought to an issue in a trial court and the debatable points crystallized out there, so that we may have the full benefit of our real function as an appellate court. There is no case which prima facie involves the violation of a public duty that will not assume importance for the person who believes himself injured. We see no reason to exercise our original jurisdiction here and the writ must be denied.

*Petition denied.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.